IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CALVIN HALL, | CR No. 3:12-513-JFA<br><br><br>MEMORANDUM, OPINION, &<br>ORDER |

This matter is before the court on defendant Calvin Hall's motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A). (ECF No. 3727). Hall asks this court to consider his extraordinary rehabilitation and low risk of recidivism; the unusually long sentence he received; the disparity between that sentence and the sentences of co-defendants; and his history and characteristics, including childhood trauma, in modifying his remaining prison term. For the reasons stated below, Defendant's motion is denied.

I.    FACTUAL AND PROCEDURAL HISTORY

On November 20, 2012, Hall, along with numerous co-defendants, was charged in eight counts within a 137-count Superseding Indictment. In particular, Hall was charged in Count 1 with a violation of the RICO statute, 18 U.S.C. §§ 1962(d) and 1963(a). On July 25, 2013, following a jury trial, Hall was convicted on Counts 1, 10, 14, 44, 47, 83 of the Superseding Indictment. He was found not guilty of Counts 85 and 125. A revised Presentencing Report was prepared on April 21, 2014, in which it was determined that Hall's mandatory minimum sentence was life. His advisory guideline range was 360

1

months to life without the mandatory minimum sentence. On June 6, 2014, the court sentenced Hall to life imprisonment followed by 10 years of supervised release. Hall appealed and the Fourth Circuit Court of Appeals affirmed.

Thereafter, Hall filed a motion pursuant to 28 U.S.C. § 2255. In his § 2255, Hall, alleged among other things, that his counsel was ineffective for failing to notify him of the plea deal offered by the Government prior to his trial. The Government filed a response in opposition to the motion and moved for summary. The court denied the § 2255 motion and granted the Government's summary judgment motion. Hall appealed. The Fourth Circuit remanded the case for an evidentiary hearing on whether Hall's counsel was ineffective.

The court held an evidentiary hearing on March 2, 2020. At the conclusion of the hearing, the court took the matter under advisement. After the evidentiary hearing and prior the court's ruling, the Government and Hall agreed to vacate the trial results and allow Hall to plead guilty to Count 1, as was offered in the original plea agreement. As part of the agreement, Hall entered into the same plea agreement with the Government and plead guilty to Count 1 of the Superseding Indictment as was originally offered prior to the trial. This plea agreement was the same one Hall stated he would have accepted had his attorney told him prior to his trial. The plea agreement included a provision wherein both parties agreed that a sentence of not more than 300 months of actual incarceration was appropriate. (ECF No. 3346).

The court, after finding that Hall was fully competent and capable of entering an informed guilty plea, and that his plea was knowing and voluntary, accepted the plea and adjudged Hall guilty. Then, after hearing arguments on Hall's objections and granting

2

Hall's motion for a variance[1], the court sentenced Hall to 240 months incarceration, (less than the 25 years that he agreed to in his plea agreement) followed by 5 years of supervised release.

Hall now comes before the court requesting a reduced sentence to a term of time served based upon the so-called compassionate release provisions of First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A). Hall originally filed a *pro se* request (ECF No. 3727) asserting that changes in the law since his sentencing have entitled him to relief. Thereafter, the court appointed counsel. That counsel has filed a response (ECF No. 3753) to the Governments opposition (ECF No. 3745). Within Hall's response, counsel acknowledges that the original grounds cited in Hall's motion do not entitle him to relief. However, counsel avers Hall is still entitled to the relief sought under the catchall provision.

## II.    LEGAL STANDARD

*Extraordinary and Compelling*

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find

---

[1] Prior to the change of plea hearing, the United States Probation Office prepared a Presentence Report and determined that Hall's Guidelines' range was 262 to 327 months of imprisonment. Hall's counsel submitted a written Sentencing Memorandum addressing each of the objections. (ECF No. 3361). Of note, counsel argued that sustaining Hall's acquitted conduct objection would result in a Guidelines' range of 210 to 262 months of imprisonment.

"extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id.* at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, an amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

### *Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

Here, the government concedes that Defendant has exhausted his administrative remedies. Thus, the court will proceed to review the matters on the merits.

### III. DISCUSSION

To support his motion for a sentence reduction, Defendant invokes the "catchall" provision detailed in subsection (b)(5) of the policy statement. *See* U.S.S.G § 1B1.13(b)(5).[2] Besides the specifically enumerated reasons for which an inmate can be granted compassionate release such as medical reasons or family circumstances, the newly amended Sentencing Guidelines includes a catchall provision under U.S.S.G. §1B1.13(b)(5) titled "Other Reasons." This section states that compassionate release may be granted if:

> [t]he defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. §1B1.13(b)(5).

"This catchall maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justification for release." *United States v. Brown*, 2023 WL 8653179 at *2 (D. Md. Dec. 13, 2023).

---

[2] Hall's original *pro se* motion relied exclusively on USSG 1B1.13(b)(6). However, Hall's appointed counsel has conceded subsection (b)(6) is not applicable and instead relies on subsection (b)(5) to support his claims. Accordingly, Hall's original arguments relating to acquitted conduct are no longer before the court and this order addresses only those arguments presented in the counseled reply brief.

Defendant argues that the combination of the following factors constitutes extraordinary and compelling reasons for a reduced sentence: (1) Hall's extraordinary rehabilitation and low risk of recidivism; (2) the unusually long sentence that Hall received; (3) the disparity between that sentence and the sentences of co-defendants; and (4) Hall's history and characteristics, including childhood trauma.

First, Hall avers that during his 13 years of incarceration he has been a model prisoner with no disciplinary infractions and completed a long list of rehabilitative programming. As Defendant acknowledges, rehabilitation alone cannot be an extraordinary and compelling reason for compassionate release. U.S.S.G. §1B1.13(d). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* As discussed below, the court disagrees that any ground presented, either alone or in combination, is sufficient to warrant compassionate release. Stated simply, Defendant's rehabilitative efforts fall short of establishing an extraordinary and compelling reason which would warrant a sentence reduction, even when considered with his other arguments.

The lack of disciplinary infractions and numerous education programs is certainly commendable. It is evident Hall is diligently working towards becoming a better member of society. However, rehabilitation and good behavior are expected of federal inmates. Nothing about this record is either extraordinary or compelling. Accordingly, the court disagrees that Hall is entitled to relief.

Next, Hall points to his "unusually long sentence" and further compares it to the sentence of his co-defendants. The court would first note that Hall's sentence is not unusually long. Hall received a 240-month sentence which was below his recommended guidelines range. Further, the court emphasized that this exact sentence would have been imposed regardless of the applicable guideline range. Specifically, the court stated:

> And so I want to make it very clear on the record that not withstanding the ruling I made on objection number two, I would have imposed this same sentence by way of an upward variance or upward departure because of the conduct that I've recited; the association with the Bloods gang; the fact that substantial quantities of drugs were distributed in South Carolina, which is a pervasive problem in this district, regrettably; the fact that violence and firearms were prevalent, not just -- not just the presence of firearms and not just brandishing a firearm and not just discharging a firearm, but actually shooting someone with a firearm; and then I cannot ignore the prostitution of adults and minors.
>
> So, the conduct is especially egregious in this case and would have resulted in the same sentence regardless of the court's ruling on objection number two.

*See,* Sentencing Transcript, pgs. 45-46.

Accordingly, Hall has failed to show why his current sentence is unusually long.

Hall also points to his numerous co-defendants and each of their corresponding terms of imprisonment. Hall was one of 39 defendants in this case, and he was the only person to go to trial. Of the 39 defendants, 36 received custodial prison sentences. Of these 36 defendants, Hall and Odell Martin, Jr. received the highest sentences—both receiving 240 months of imprisonment. The average sentence imposed in this case was 85.42 months of imprisonment. Despite these differences, Hall "readily acknowledged that every defendant's case is different." (ECF No. 3753, p. 23). This fact alone undercuts Hall's

7

argument. Hall's sentence was determined based on an individualized review of his specific charges, criminal history, and personal characteristics. Accordingly, the sentence of any other co-defendant is virtually irrelevant in determining Hall's appropriate term of incarceration. Moreover, disparities among co-defendants are not the type of disparities that Congress sought to prevent in § 3553(a). *See United States v. Pyles*, 482 F.3d 282, 290 (4th Cir. 2007), *vacated on other grounds by* 552 U.S. 1089 (2008) ("[T]he kind of disparity with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case." (internal quotation marks omitted)). Thus, this argument fails to move the needle.

Lastly, Hall contends his history and characteristics, including childhood trauma, militate in favor of a reduction in sentence. The court acknowledges that Hall's childhood was, to put it mildly, far from ideal. However, this factor was expressly considered when fashioning Hall's original sentence. Therefore, nothing Hall has presented constitutes an extraordinary or compelling reason which would justify a sentence reduction.

While each of these factors may not independently constitute extraordinary and compelling reasons, Hall contends that, in combination, they are similar in gravity to the examples in § 1B1.13(b)(1)–(4) and sufficient to warrant consideration of a sentence reduction. Respectfully, the court disagrees. As stated above, none of the factors discussed present an extraordinary or compelling ground for relief. To be certain, other district courts—including several in the Fourth Circuit—have found that extraordinary and compelling reasons exist based on a conglomeration of various factors. *See, e.g.*, *United States v. Thomas*, No. CCB-04-232, 2024 WL 5239411, at *1–4 (D. Md. Dec. 27, 2024)

8

(granting a sentence reduction based on a constellation of factors, including disparity between the individual's sentence and those of his co-defendants, age at the time of the offense, traumatic childhood, and rehabilitation). However, Hall's rehabilitation, sentence, and childhood trauma, fail to qualify for compassionate release even when considered in combination.

Accordingly, Defendant has failed to show an extraordinary and compelling reason and his request for compassionate release must be denied. Consequently, there is no need to further discuss the applicable § 3553(a) factors.

## IV.     CONCLUSION

For all of the reasons stated above, Defendant has failed to offer any extraordinary or compelling reason which would justify a reduction in his current sentence. Accordingly, his motion (ECF No. 3727) is denied without prejudice.

IT IS SO ORDERED.

August 26, 2025                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge